UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>GREGG ASHLEY SMITH and<br>ELLIOT JOEL SMITH,<br><br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action<br>) No. 07 CV 8394<br>)<br>)<br>)<br>) |

**Notice of Motion to Pay Funds In Registry to Treasury**

　　Plaintiff Securities and Exchange Commission ("SEC") hereby moves this Court for an order directing payment of funds presently in the registry of this Court to the United States Treasury. In support, plaintiff alleges as follows:

　　1.　　The SEC filed this action against Gregg Ashley Smith ("G. Smith") and Elliot Joel Smith ("E. Smith") on September 27, 2007.

　　2.　　In its complaint, the SEC alleged that defendants engaged in an insider trading scheme in the securities of Aspen Technologies, Inc. ("Aspen"), Regeneration Technologies, Inc. ("Regeneration") and Triangle Pharmaceuticals, Inc. ("Triangle") from December 2001 to December 2002. The SEC subsequently reached settlements with each of the defendants. As a result of those settlements,

$890,415.48 was paid to the registry of the Court ($685,939.48 from E. Smith and $204,476.00 from G. Smith).

3. The Final Judgments as to the defendants, entered by consent, provide, in relevant part,

> The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

Although the SEC normally prefers to establish a procedure to return disgorged funds to investors. In this case, the class of investors defrauded during the defendants' 13 month conduct includes persons who invested in Aspen, Regeneration, and Triangle, each a public company. Given the small amount of funds available in this case, and the costs of setting up a claims process, such a procedure is not practicable in this case.

WHEREFORE, the SEC respectfully requests that the Court direct the clerk to issue and provide to plaintiff a check for the funds in the registry of the Court in this matter, payable to the Commission. A proposed form of order providing for such a resolution is being filed with this motion for the Court's consideration.

Dated: February 26, 2008         RESPECTFULLY SUBMITTED,

                                                                       _____/s/_____

                                              Stephen E. Donahue (SD-5100)

                                              ATTORNEY FOR PLAINTIFF
                                              U. S. SECURITIES AND EXCHANGE
                                              COMMISSION
                                              3475 Lenox Road, N.E., Suite 1000
                                              Atlanta, Georgia 30326-1234
                                              Tel. (404) 842-7600
                                              Fax.   (404) 842-7666

<u>Certificate of Service</u>

I hereby certify that on this 26th day of February, 2008, I caused copies of the foregoing to be served by U.S. Mail, in a properly addressed envelope to each of the following:

>Seth L. Levine, Esq.
>Foley & Lardner LLP
>90 Park Avenue
>New York, NY 10016
>Counsel for Defendant, Elliot Joel Smith

>and

>Michael J. Missal, Esq.
>Kirkpatrick & Lockhart Preston Gates Ellis LLP
>1601 K Street, NW
>Washington, DC  20006-1600
>Counsel for Defendant, Gregg Ashley Smith

>_____/s/_____
>Stephen E. Donahue
>Attorney for Plaintiff