UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGG ASHLEY SMITH and<br>ELLIOT JOEL SMITH,<br><br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action <br> ) No. 07 CV 8394 <br> ) <br> ) <br> ) <br> ) |

<u>**Memorandum of Law In Support of Motion
to Pay Funds In Registry to Treasury**</u>

Plaintiff Securities and Exchange Commission ("SEC") files this brief in support of its motion for an order directing payment of funds presently in the registry of the Court to the United States Treasury.

**I. SEC CHARGES AND CONSENT JUDGMENTS**

1.   The SEC filed this action against Gregg Ashley Smith ("G. Smith") and Elliot Joel Smith ("E. Smith") on September 27, 2007. In its complaint, the SEC alleged that defendants engaged in an insider trading scheme in the securities of Aspen Technologies, Inc., Regeneration Technologies, Inc. and Triangle Pharmaceuticals, Inc. from December 2001 to December 2002. The SEC subsequently reached settlements with each of the defendants. As a result of those

settlements, $890,415.48 was paid to the registry of the Court ($685,939.48 from E. Smith and $204,476.00 from G. Smith).

2. The Final Judgments as to the defendants, entered by consent, provide, in relevant part,

> The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.

## II. PROPOSAL FOR PAYMENT TO TREASURY

Although the SEC often attempts to return disgorged funds and penalties to investors, where the funds available to make such a return are not sufficient to make a distribution practical, payment to the Treasury is a preferable option. In this case, the potential class of investors includes investors in the stock of three public companies. The expense of identifying and proposing a distribution plan for such investors, and dealing with the inevitable claims disputes, would likely exceed the amount available for distribution. Given the minimal funds available and the costs inherent in identifying investors and processing claims, the preferable alternative is

the entry of an order directing that these funds be paid over to the U.S. Treasury. [1]

E.g., SEC v. Asher Edelman et al., Civil Action No. 91-0762 (DDC) (approving SEC proposal to pay disgorgement fund of $436,858 to Treasury, in case where defendants failed to timely disclose control intent); SEC v. Courtois, [1984-85 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶92,000 (S.D.N.Y. April 11, 1985) (disgorgement funds paid to Treasury, in view of difficulty of identifying particular claimants, and likelihood that distribution would result in only nominal distribution to particular claimants to the funds).

In view of the foregoing, the SEC respectfully recommends payment to the Treasury.

Dated: February 26, 2008                RESPECTFULLY SUBMITTED,

                                            _____/s/_____

                                            Stephen E. Donahue (SD-5100)

                                            ATTORNEY FOR PLAINTIFF
                                            U. S. SECURITIES AND EXCHANGE COMMISSION
                                            3475 Lenox Road, N.E., Suite 1000
                                            Atlanta, Georgia 30326-1234
                                            Tel. (404) 842-7600
                                            Fax.  (404) 842-7666

---

[1] As a remedy, disgorgement is intended to require a defendant to give up the trading profits on the questioned securities transaction. It is not primarily a vehicle to compensate other participants in the trading market, as for example a damages claim would be. See SEC v. Wang, 944 F.2d 80, 81 (2d. Cir. 1991).

<u>Certificate of Service</u>

I hereby certify that on this 26th day of February, 2008, I caused copies of the foregoing to be served by U.S. Mail, in a properly addressed envelope to each of the following:

>Seth L. Levine, Esq.
>Foley & Lardner LLP
>90 Park Avenue
>New York, NY 10016
>Counsel for Defendant, Elliot Joel Smith

and

>Michael J. Missal, Esq.
>Kirkpatrick & Lockhart Preston Gates Ellis LLP
>1601 K Street, NW
>Washington, DC  20006-1600
>Counsel for Defendant, Gregg Ashley Smith

_____/s/_____
Stephen E. Donahue
Attorney for Plaintiff